IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                Criminal No. 2:99cr6

SCOTT THOMAS RIGGLEMAN,
        Defendant.

**ORDER/OPINION**

On the 16th day of February 2006, came the defendant, Scott Thomas Riggleman, in person and by his counsel, Michelle Roman Fox, and also came the United States by its Assistant United States Attorney, Sherry Muncy, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on July 21, 2005, alleging Defendant:

1)    Violated the Condition that he not commit another federal, state or local crime;

2)    Violated the Condition that he refrain from any unlawful use of a controlled substance;

3)    Violated the Condition that he refrain from associating with any persons engaged in criminal activity, and not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer; and

4)    Violated the Condition that he permit a Probation Officer to visit him at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the Probation Officer.

The nature of Defendant's non-compliant behavior was reported as follows:

On July 12, 2005, the Probation Officer went to the defendant's residence to conduct a home visit. Upon arrival, the defendant's wife, Johnie Lynn Haines, who is under a sentence and in the custody of the Bureau of Prisons, was arguing with her mother-in-law, Sandy Riggleman. Ms. Riggleman advised the Probation Officer that the defendant saw the Probation Officer coming and ran out the back door to avoid speaking with the Probation Officer. Ms. Riggleman was asked to advise the defendant to report to the Probation Officer on July 13, 2005 at 9:00 a..m.

On July 13, 2005, the Probation Officer was advised by Bannum House in Clarksburg, West Virginia, a contracted halfway house for the Bureau of Prisons, that the defendant's wife, Johnie Haines, was missing and had not called in. She was believed to be with the defendant, but their whereabouts were unknown. At that time, the Bureau of Prisons considered Ms. Haines to be in escape status because she had not checked in as required and her location was unknown. Further information revealed that on the evening of July 12, 2005, the defendant went to his employment and gathered his tools and sold them to an individual for $300. Additional information revealed that the defendant and his wife, Johnie Haines, ingested cocaine on the evening of July 12, 2005.

On July 13, 2005, at approximately 3:30 p.m., the defendant reported to the probation office. Mr. Riggleman admitted that he ran out of the residence when he saw the Probation Officer to avoid speaking with him. The defendant advised that on the evening of July 12, 2005, he and his wife left the residence and went to Mt. Storm where he drank three or four beers. He admitted that he sold his tools for $300 and bought a quantity of "crack" cocaine with the proceeds of that sale. The defendant further admitted that he smoked "crack" with his wife, Johnie Haines, on the evening of July 12, 2005. The defendant further admitted that he has been using "crack" cocaine approximately one time per week for the last six months. The defendant submitted to a urinalysis screen which was presumptively positive for cocaine usage. The defendant executed an acknowledgment of using "crack" cocaine one time per week for the last six months . . . .

By Order dated October 5, 2005, United States District Judge Robert E. Maxwell had a letter written by Defendant's Probation Officer, William Bechtold, filed and made part of the record in this matter. That letter stated that on September 12, 2005, Mr. Bechtold was advised that Defendant was being held in the Potomac Highlands Regional Jail with regard to pending charges in Mineral County, West Virginia. Mr. Bechtold further advised that he obtained the criminal complaint from the Mineral County Magistrate Court and learned that on July 29, 2005, the Defendant was charged by the Mineral County Sheriff's Department with Fleeing an Officer in a Vehicle; Reckless Driving; Driving on Suspended or Revoked License Due to DUI; No Proof of Insurance; Improper Registration; and Petit Larceny. Defendant was remanded to the regional jail because he was unable

to post bond and was scheduled for a pretrial hearing with regard to these charges on October 28, 2005.

Prior to the taking of evidence, Defendant waived the preliminary hearing and conceded probable cause existed to forward this revocation matter to District Judge Robert E. Maxwell for hearing and disposition regarding violations 1, 2, and 4 and the supplemental petition, but not violation 3. The government withdrew violation 3.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged and numbered 1, 2, and 4 of the Petition for Warrant or Summons for Offender Under Supervision filed July 21, 2005, and the supplemental letter.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia on Violations 1, 2, and 4 of the Petition for Warrant or Summons for Offender Under Supervision filed July 21, 2005, and the letter ordered filed as a supplement thereto.

Defendant then moved the court to permit him to remain on release pending hearing before Judge Maxwell. Defendant argued he is not a danger to the community; there was no indication he would not appear in court for further proceedings; he had three children, one born just today; he had

been on home detention in the past with no failure to appear at any hearing; and he had not committed any acts of violence.

For reasons apparent to the court and stated on the record, Defendant's motion to remain on bond pending hearing before Judge Maxwell is **DENIED**. It is therefore

**ORDERED** that Defendant be and hereby is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: February 22, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE